Matthew A. Rosenthal (SBN 279334)
matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd, Suite 880
Los Angeles, CA 91436
Tel: (818) 200-1497
Fax: (818) 869-2208
Attorneys for Plaintiff,
SHANE PFANNENSTIEL

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SHANE PFANNENSTIEL, <br><br> Plaintiff, <br><br> v. <br><br> BARCLAYS BANK DELAWARE, <br><br> Defendant. | Case No.: 2:16-cv-724 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

SHANE PFANNENSTIEL (Plaintiff), by his attorneys, WESTGATE LAW, alleges the following against BARCLAYS BANK DELAWARE (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's Complaint arises pursuant arises pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States, and this Court maintains supplemental jurisdiction over the state law claims alleged herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Defendant is a business entity with a principal place of business in Wilmington, Delaware.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Since approximately 2015, and specifically within four years prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing.

10. Since approximately 2015, and specifically within four years prior to the filing of this action, Defendant constantly and continuously placed collection calls to Plaintiff at Plaintiff's cell phone number ending in 6662.

11. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the

FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

12. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

13. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

14. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

15. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff. On countless occasions, Plaintiff revoked consent by answering Defendant's calls and demanding that Defendant's calls cease.

16. Despite Plaintiff's request to cease, Defendant continued to place multiple collection calls per day to Plaintiff on a near-daily basis.

17. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

18. Defendant is not a tax exempt nonprofit organization.

19. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on countless occasions.

## FIRST CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following

    (a)  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b)  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

22. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

23. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788)**

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated §1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

   c. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(c) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.


Date: February 2, 2016                             RESPECTFULLY SUBMITTED,

                                                   By:/s/  Matthew A. Rosenthal
                                                           Matthew A. Rosenthal
                                                           Attorney for Plaintiff,
                                                           SHANE PFANNENSTIEL